IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2028-D

| | | |
|---|---|---|
| STANLEY EARL WINSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN TRACY JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

On February 24, 2010, Stanley Earl Winston ("Winston" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. Winston seeks leave to proceed in forma pauperis [D.E. 2]. On August 18, 2010, Winston filed a motion to appoint counsel [D.E. 3]. On January 5, 2011, Winston filed a motion to prevent his transfer [D.E. 4]. For the reasons explained below, the court dismisses the petition and denies petitioner's motions.

On January 4, 1990, in the Northern District of Georgia, a jury convicted Winston of violating 18 U.S.C. §§ 2113, 924(c), and 2. Pet. ¶¶ 6, 8–9, 11. The court sentenced him to a term of 28 years' imprisonment. Pet. ¶ 9. On October 4, 1990, the United States Court of Appeals for the Eleventh Circuit affirmed Winston's conviction. Id. ¶ 13. Winston filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied on May 30, 1991. Id. ¶ 3. It appears Winston has filed other appeals with the Eleventh Circuit, along with a "letter . . . requesting appointment of counsel" in the Northern District of Georgia, which that court construed as a successive section 2255 petition and denied. Pet. 9–10.

Although Winston filed this action under 28 U.S.C. § 2241, he is attacking the legality, rather than the execution, of his conviction and sentence. See Pet. 5–12. Winston must challenge the

legality of his conviction and sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate or ineffective to test the legality of a conviction when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a section 2255 motion. Id. at 333; In re Vial, 115 F.3d at 1194 n.5. Winston has not demonstrated that section 2255 is an "inadequate or ineffective" remedy, and he may not proceed on his claim under section 2241.

As for Winston's motion for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Winston's abilities do not present exceptional circumstances. Accordingly, the court denies Winston's motion to appoint counsel.

As for Winston's motion "not to transfer this petitioner off of this prison complex," the court denies the motion. A prisoner has no right to a specific custody classification, to a transfer, to a non-transfer, or to work release. See, e.g., O'Bar v. Pinion, 953 F.2d 74, 82–83 (4th Cir. 1991).

2

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Winston's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability.

For the reasons stated, the court DISMISSES without prejudice petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 for failure to state a claim. The court DENIES petitioner's motion for appointment of counsel [D.E. 3] and motion to prevent his transfer [D.E. 4]. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This _4_ day of February 2011.

JAMES C. DEVER III
United States District Judge